IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL HERNANDEZ-SANTANA,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6447 |
| | : | |
| DR. PAUL LITTLE, *et al.*,<br>    Defendants. | : | |

**MEMORANDUM**

MCHUGH, J.                                                                                                           DECEMBER 30, 2024

Michael Hernandez-Santana, a prisoner incarcerated at SCI Chester, filed this civil rights action asserting Eighth Amendment claims against Dr. Paul Little and Dr. John Nicholson, both of whom are employees of Wellpath the medical services contractor at SCI Chester (*see* Compl. at 2), and the Department of Corrections Food Service Director Mr. E. Reason (*id*. at 3).  He claims he was injured by a piece of metal in his food and that he did not receive required medical treatment.  Hernandez-Santana also seeks leave to proceed *in forma pauperis*, which the Court will grant.  Because the Court is on notice that Wellpath has filed a petition for Chapter 11 bankruptcy protection that is in the early stages of adjudication, *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx. Nov. 12, 2024) (ECF Nos. 69 & 81), and which impacts claims against its non-debtor employees, the claims against Dr. Paul Little and Dr. John Nicholson will be stayed.  *See, e.g.*, *Thomas v. Sorber*, Civ. A. No. 23-907 (ECF No. 51 (citing *Swallow v. Corizon*, No. 18-1045, 2023 WL 2967785 (E.D. Mo. Apr. 17, 2023)); *see also Bouton v. Missouri*, No. 22-00010, 2023 WL 3477935, at *3 (E.D. Mo. May 16, 2023) (staying claims against employees of prison medical contractor pursuant to the court's inherent authority to "promote the interest of judicial economy").  The claims against Food Service Director Reason will be dismissed.

I.  **FACTUAL ALLEGATIONS**[1]

During lunch on August 22, 2023, Mr. Hernandez-Santana allegedly ingested pieces of metal that were in his hamburger. (Compl. at 6.) Defendant Reason is the Food Service Director who "oversees all other food service stewards employed at SCI Chester." (*Id.*) Reason allegedly failed to "search, examine, or analyze any of the food products that were served that day to the general population." (*Id.*) "As a result of this negligence [Hernandez-Santana ingested] . . . some of the metal pieces causing cuts to the inner cheek, redness of the mouth, pain [in his] abdomen section, and injury to prior existing damage to [his] intestine." (*Id.*) Reason later denied a grievance that Hernandez-Santana filed. (*Id.*) Hernandez-Santana seeks money damages from Reason "for the physical and emotional injury resulting from his failure to supervise the serving functions of the food service department." (*Id.* at 9.)

II. **STANDARD OF REVIEW**

The Court grants Hernandez-Santana leave to proceed *in forma pauperis*.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

---

[1] Hernandez-Santana used the form complaint available to unrepresented litigants to file his claims and included an additional typewritten Complaint. (ECF No. 2.) The Court considers the entire submission to constitute the Complaint, to which the Court adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from Complaint. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up. Because the claims against the medical providers are stayed in light of the bankruptcy, the Court will not restate the factual allegations asserted against them in this Memorandum other than to note that they are not material to the claim against Reason.

[2] Because Hernandez-Santana is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Hernandez-Santana is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Also, when allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

Mr. Hernandez-Santana asserts constitutional claims. (Compl. at 3.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

#### A. Claims Based on Grievances

Mr. Hernandez-Santana alleges that Reason denied a grievance. To the extent he intended to base a constitutional claim on this allegation, it must be dismissed as implausible. Claims based on the handling of prison grievances fail because "prisoners do not have a constitutional right to prison grievance procedures." *Gerholt v. Wetzel*, 858 F. App'x 32, 34 (3d Cir. 2021) (*per curiam*) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (*per curiam*)). Accordingly, allegations such as those raised by Hernandez-Santana predicated on failures of the grievance process or improper handling of or response to grievances do not give rise to a constitutional claim and will be dismissed with prejudice. *See Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("We agree with the District Court that because a prisoner has no free-standing constitutional right to an effective grievance process, Woods cannot maintain a constitutional claim against Lucas based upon his perception that she ignored and/or failed to properly investigate his grievances." (internal citation omitted)); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (*per curiam*) (explaining that "[i]nmates do not have a constitutionally protected right to the prison grievance

process" and that "a state grievance procedure does not confer any substantive constitutional right upon prison inmates" (internal quotations and citations omitted)).

### B. Constitutional Claims Based on Negligence

Mr. Hernandez-Santana alleges an Eighth Amendment claim that Reason was negligent in his supervision of the kitchen department at SCI Chester causing him to be provided food with metal pieces. This claim is not legally sustainable.

The United States Supreme Court has held that § 1983 claims may not be predicated on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). Specifically, a claim based on mere negligence is insufficient to allege a plausible Eighth Amendment violation. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."). To the contrary, only deliberate indifference to a prisoner's health or safety violates the Eighth Amendment, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), but Reason's conduct does not rise to the level of deliberate indifference. *See, e.g.*, *Moore v. Gloucester Cnty. Jail*, No. 13-6943, 2014 WL 3870255, at *5 (D.N.J. Aug. 7, 2014) (dismissing deliberate indifference claim against food service supervisor because "this one time discovery of a foreign object in his food, without more, is insufficient to state a claim upon which relief can be granted" (citing cases)); *Murray v. Allen*, No. 10-1014, 2010 WL 4159261, at

*2 (E.D. Pa. Oct. 21, 2010) (dismissing deliberate indifference claim based on allegations that plaintiff was served a burrito with a tooth in it). Nor is there any plausible basis on which it could be alleged that the food services director would have been personally aware of the metal in the food. Accordingly, this claim is also dismissed with prejudice.

### C. State Law Claims

Mr. Hernandez-Santana may also be asserting a state law negligence claim against Reason. Because the Court has dismissed his non-stayed federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims asserted against Reason. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140,

1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Mr. Hernandez-Santana does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants at SCI Chester, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV. CONCLUSION

For the reasons stated, the Court will dismiss Mr. Hernandez-Santana's constitutional claims against Defendant Reason with prejudice and his state law claims without prejudice. Hernandez-Santana will not be given leave to amend his claims against Defendant Reason because the Court concludes that amendment would be futile.[3] The remaining claims against the Wellpath employees will be stayed. An appropriate Order will be entered.

BY THE COURT:

/s/ Gerald A. McHugh

**GERALD A. MCHUGH, J.**

---

[3] However, Mr. Hernandez-Santana may reassert his negligence claim against Reason in state court if he chooses to do so. The Court expresses no opinion on the merits of any such claim.