IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL HERNANDEZ-SANTANA,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 24-CV-6447** |
| | : | |
| **DR. PAUL LITTLE,** *et al.*, | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 30 day of December, 2024, upon consideration of Michael Hernandez-Santana's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Michael Hernandez-Santana, #QP-0952, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Hernandez-Santana's inmate account; or (b) the average monthly balance in Hernandez-Santana's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent of SCI Chester or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Hernandez-Santana's inmate trust fund account exceeds $10.00, the Superintendent of SCI Chester or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Hernandez-Santana's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Chester.

4. The Complaint is **DEEMED** filed.

5. Hernandez-Santana's claims against Defendant Mr. E. Reason are **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

   a. All constitutional claims are **DISMISSED WITH PREJUDICE**.

   b. All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

6. The Court, taking judicial notice of the filing of a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code by Wellpath Holdings, Inc. in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, *see In Re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx.), and the Orders of the Bankruptcy Court enforcing the automatic stay under 11 U.S.C. § 362(a); and it appearing that Hernandez-Santana's Complaint names as Defendants Wellpath employees who are impacted by the automatic stay; and, further, in light of the Court's inherent power to manage its docket,[1] all other proceedings in this matter are **STAYED**. The Court will not adjudicate any motions in this case until the automatic stay is lifted, or until further order from this Court.[2]

---

[1] Courts possess inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

[2] Nothing in this Order should be construed to limit or impede Hernandez-Santana's ability to seek relief from the automatic stay under 11 U.S.C. § 362(d) in the Bankruptcy Court proceedings. *See In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx.).

3

7.  The Clerk of Court is **DIRECTED** to terminate Mr. E. Reason as a Defendant and place a STAY flag on the docket of this case.

**BY THE COURT:**

/s/ Gerald A. McHugh
**GERALD A. MCHUGH, J.**