IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HERNANDEZ-SANTANA,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 24-CV-6447 |
| DR. PAUL LITTLE, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**MCHUGH, J.**                                                                                                                **JULY 2, 2025**

In a prior Memorandum, the Court dismissed in part the Complaint filed Michael Hernandez-Santana, a prisoner incarcerated at SCI Chester ("SCIC"). *Hernandez-Santana v. Little*, No. 24-6447, 2024 WL 5250350, at *1 (E.D. Pa. Dec. 30, 2024). Constitutional claims against Defendant Mr. E. Reason were dismissed with prejudice and state law claims against that Defendant were dismissed without prejudice. The Court reserved screening and stayed Hernandez-Santana's Eighth Amendment claims against Defendants Dr. Paul Little and Dr. John Nicholson, both of whom are employees of Wellpath, the medical services contractor at SCIC because the Court was on notice that Wellpath has filed a petition for Chapter 11 bankruptcy protection that was in the early stages of adjudication, *see In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx.), and which impacted claims against its non-debtor employees.

Wellpath emerged from bankruptcy proceedings on May 1, 2025 upon the Confirmation of the Plan of Reorganization under Chapter 11 of the Bankruptcy Code. *See Id.* (ECF No. 2596, Order of May 1, 2025). Thereafter, Mr. Hernandez-Santana was directed to inform the Court whether he had submitted (1) a proof of claim in the Bankruptcy Court prior to that Court's April 7, 2025 deadline to do so, (2) an objection to or motion for relief from the Automatic Stay, or (3)

a ballot or other communication affirmatively expressing an intent to opt out of the Third-Party Release imposed as part of the plan of reorganization. (ECF No. 12.) Mr. Hernandez-Santana responded by filing a Motion to Proceed indicating that he had no notice of the bankruptcy proceeding. (ECF No. 14.) Based on this response, the Court will proceed with screening of the remaining claims against Defendants Little and Nicholson. For the following reasons, the claims are dismissed.

I.    FACTUAL ALLEGATIONS[1]

During lunch on August 22, 2023, Mr. Hernandez-Santana allegedly ingested pieces of metal that were in his hamburger. (Compl. at 6.) He was taken to the SCIC medical unit where, assisted by a correctional officer translator, Dr. Little examined him for injuries and referred him to a dentist finding that he had a loose filling. (*Id*. at 7.) The unnamed dentist determined he had no cavities or fillings, and Dr. Little sent Hernandez-Santana back to his housing unit. (*Id*.) Hernandez-Santana had bouts of pain throughout the rest of that day and for the next couple of months due to an alleged lack of treatment for his injury. (*Id*.) He claims that every time he was seen by Little, "he refused to treat or provide medical assistance." (*Id*.)

On October 19, 2023, Mr. Hernandez-Santana put in a sick call slip to be seen for severe stomach pain and blood in his stool. (*Id*. at 8.) He was seen by Defendant Nicholson, aided by an inmate translator. (*Id*.) According to Hernandez-Santana, Nicholson was "very upset about

---

[1] Hernandez-Santana used the form complaint available to unrepresented litigants to file his claims and included an additional typewritten Complaint. (ECF No. 2.) The Court considers the entire submission to constitute the Complaint, to which the Court adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from Complaint. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up. Because the claims against Defendant Reason have already been adjudicated, only facts concerning the medical providers are included in this Memorandum.

2

[him] wanting to be seen about ingesting metal objects from his lunch tray on 8/22/2023." (*Id.*) Nicholson offered to perform a "cavity search" in front of the inmate translator, which Hernandez-Santana refused, and he returned to his housing unit. (*Id.*) At some unspecified point thereafter, Hernandez-Santana was called back to medical and sent to a hospital emergency room. (*Id.*) Tests were started but discontinued when Hernandez-Santana had an allergic reaction to the "drinking liquid given before the test." (*Id.*) When he returned to SCIC, Nicholson documented that he had "no medical matters existing in his stomach." (*Id.*) Mr. Hernandez-Santana seeks money damages for his claims under the Eighth Amendment based on his medical care. (*Id.* at 9.)

## II.     STANDARD OF REVIEW

Since the Court has granted Hernandez-Santana leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*,

792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue."). As Hernandez-Santana is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

Mr. Hernandez-Santana asserts constitutional claims under the Eighth Amendment. (Compl. at 3.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

To state a claim based on the failure to provide medical care, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a

doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Not every complaint of inadequate prison medical care rises to the level of deliberate indifference. *Anderson v. Price*, No. 22-3058, 2023 WL 5814664, at *2 (3d Cir. Sept. 8, 2023) (*per curiam*). "Where a prisoner is receiving some amount of medical treatment, [courts] presume that the treatment is adequate absent evidence that it violates professional standards of care." *Id*. (affirming dismissal of deliberate indifference claims on screening) (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990)); *see also Hayes v. Gilmore*, 802 F. App'x 84, 88 (3d Cir. 2020) (*per curiam*) ("Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners."); *Davis v. Superintendent Somerset SCI*, 597 F. App'x 42, 45 (3d Cir. 2015) (*per curiam*) ("[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, 'federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law'") (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).

      Assuming for purposes of statutory screening that Hernandez-Santana's stomach and dental condition represented serious medical needs, his constitutional claims against Little and Nicholson fall short. Mr. Hernandez-Sanatana received treatment for his condition. When he first presented with the issue in August 2023, Dr. Little examined him for injuries and referred him to a dentist who determined he had no cavities or fillings. While he claims he continued to suffer pain due to an alleged lack of treatment for his injury and claims that every time he was seen by Little, "he refused to treat or provide medical assistance," these allegations are insufficient to allege a plausible claim because they are conclusory. Hernandez-Santana does not

allege that he specifically sought treatment from Little for his stomach or dental pain beyond the initial visit to the medical unit in August 2023 and the claim that Little "refused to provide treatment" fails to allege plausibly that Little knew of a need for medical treatment but intentionally refused, delayed, or prevented him from receiving it. On the facts as pleaded, Little referred Plaintiff to the appropriate specialist, whose exam was negative, and nothing in the record supports a claim that further identified needs were ignored.

The claim against Nicholson is also not plausible. When Mr. Hernandez-Santana complained about pain and blood in his stool, he was seen by Nicholson who apparently offered to perform a rectal examination that Hernandez-Santana refused. He was later transported to an emergency room for testing. Mr. Hernandez-Santana asserts that he had an allergic reaction to the "drinking liquid," and the test was discontinued. Nicholson thereafter documented that he had "no medical matters existing in his stomach" after he returned from the emergency room. These allegations are not sufficient to state a plausible claim since Hernandez-Santana fails to allege how Nicholson was deliberately indifferent to his medical needs when Hernandez-Santana refused Nicholson's offer to perform an examination in the medical unit, and he was offered outside testing, in which Nicholson was not involved, that could not be completed.

Accordingly, Mr. Hernandez-Santana's remaining claims against Defendants Little and Nicholson will be dismissed on statutory screening. The Court will permit him an opportunity to file an amended complaint if he is capable of alleging additional facts to cure the defects the Court has identified in his Eighth Amendment claims and "nudge[ his] claims across the line from conceivable to plausible." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). An appropriate Order will be entered.

   /s/ Gerald Austin McHugh  
United States District Judge